United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 03-40888
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO QUIROZ-ESCOBEDO,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-123-1

———————————————

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Reynaldo Quiroz-Escobedo pleaded guilty to importation of more than fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(H). At sentencing, the district court calculated a Guidelines range of forty-six to fifty-seven months, and sentenced Quiroz-Escobedo to fifty-seven months' imprisonment and three years' supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On direct appeal, Quiroz-Escobedo challenged only the constitutionality of the statutes under which he was convicted. We affirmed both the judgment of conviction and the sentence.[1] Quiroz-Escobedo renewed his challenge in a consolidated petition for writ of certiorari which was denied.[2] Following the Supreme Court's decision in *Blakely v. Washington*,[3] Quiroz-Escobedo filed a petition for rehearing. The Court then decided *United States. v. Booker*,[4] in which it rendered the United States Sentencing Guidelines purely advisory in nature. Subsequently, the Court vacated its order denying Quiroz-Escobedo's petition for writ of certiorari, granted the writ, vacated our prior judgment and remanded for further consideration in light of *Booker*.[5]

On remand, Quiroz-Escobedo concedes that he did not make a *Blakely* or *Booker*-type objection in the district court. Accordingly, our review is for plain error only.[6] In order to prevail under plain error review, an appellant must show that (1) there is an error, (2) the error is plain, and (3) the error

---

[1] *United States v. Quiroz-Escobedo*, 87 Fed. Appx. 935 (5th Cir. Feb. 18, 2004) (unpublished).

[2] *Jimenez-Velasco v. United States*, 124 S. Ct. 2856 (2004) (mem.).

[3] 542 U.S. 296 (2004).

[4] 125 S. Ct. 738 (2005).

[5] *Jimenez-Velasco v. United States*, 125 S. Ct. 1110 (2005) (mem.).

[6] *See United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005).

affects substantial rights.[7] When all three of these requirements are met, we will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[8]

Quiroz-Escobedo argues that the district court committed plain error because it sentenced him under the assumption of a mandatory Guidelines regime. Further, he contends that this error is structural, or at least presumed prejudical. He candidly admits, however, that based on the facts in the record, he cannot show "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence."[9]

Assuming *arguendo* that the district court committed plain error when it sentenced him under a mandatory Guidelines regime, Quiroz-Escobedo cannot satisfy the third prong of the plain error standard as his argument that *Booker* error is structural or presumed prejudicial is in the teeth of our decision in *United States v. Mares*.[10] A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or

---

[7] *See United States v. Olano*, 507 U.S. 725, 732 (1993).

[8] *Id.* at 734 (internal quotation marks and citations omitted).

[9] *United States v. Infante*, 404 F.3d 376, 395 (5th Cir. 2005).

[10] 402 F.3d 511, 520-22 (5th Cir. 2005); *see United States v. Malveaux*, 411 F.3d 558, 560 n.9 (5th Cir. 2005).

superseding decision by this court sitting en banc or by the United States Supreme Court.[11]  No such decision overruling *Mares* exists.

Accordingly, we REINSTATE our prior judgment affirming Quiroz-Escobedo's conviction and sentence.

---

[11] *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).